**No. 48310.**—Protests 4823–K, etc., of J. Ossola Co., Inc. (New York).

Opinion by KEEFE, J. It was stipulated by counsel at the trial that certain of the cheese is similar to the Romano, Provolone, and Sbrinz cheese the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). It was therefore held as to these items that an allowance of 2½ percent of the net weight of the cheese should be made for the weight of the inedible coverings. As to the Reggiano cheese stipulated to be the same as that the subject of *Scaramelli* v. *United States,* *supra,* the court sustained the claim that an allowance of 1 percent of the net weight of the cheese as returned by the Government weigher should be made for the weight of the inedible coverings.

**No. 48311.**—Protest 10663–K of A. Geraldi (New York).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise consists of cheese similar in all material respects to the Provolone cheese the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706). In accordance therewith the claim for an allowance of 2½ percent was sustained.

**No. 48312.**—Protest 97702–K of A. Geraldi (New York).

Opinion by KEEFE, J. It was stipulated that the cheese is similar in all material respects to that the subject of Abstract 42146. Inasmuch as the collector in computing the duty upon said cheese allowed a deduction for tare for inedible covering of only 1 percent, the court directed that an allowance of an additional 1½ percent be made.

**No. 48313.**—Protest 86101–K of Mary Minihan (Galveston).

Opinion by KEEFE, J. At the trial there was no appearance on the part of the plaintiff. As the plaintiff failed to comply with the mandatory regulations of the Secretary of the Treasury attending free entry, the duty was held properly assessed.

**No. 48314.**—Protests 75625–K, etc., of Saccone, Speed & Jenney, Inc. (New York).

Opinion by KEEFE, J. From an examination of the papers the court was unable to find anything sufficient to overcome the action of the collector, which was held presumptively correct. The protests were therefore overruled.